## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| Jeffrey Forbes, individually and on behalf of all others similarly situated, | ) ) ) | Case No. _____ |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| Macy's, Inc., | ) ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

**TO: THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

PLEASE TAKE NOTICE that Defendant Macys Corporate Services, LLC, misnamed as Macy's, Inc. ("Defendant") in the Complaint in this civil action, by and through its undersigned counsel, Barton Gilman LLP, hereby removes this case from the Suffolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts. In support of removal, Defendant states as follows:

## STATEMENT OF JURISDICTION

On or about March 19, 2025, Plaintiff Jeffrey Forbes ("Plaintiff") filed a putative Class Action Complaint ("Complaint") against Defendant in the Suffolk

1

County Superior Court of the Commonwealth of Massachusetts, Civil Action No. 2584CV00749-BLS1 (the "State Court Action"). Copies of all of the pleadings and papers Defendant is aware of having been filed in the State Court Action are collected and attached as Exhibit "A."

This case is removable under 28 U.S.C. § 1453(b) because it meets the requirements of the Class Action Fairness Act of 2005, Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.) (hereinafter "CAFA"). A defendant's notice of removal under CAFA need only contain a short and plain statement of the grounds for removal. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 87, 88-89 (2014).

### THIS CASE IS REMOVABLE UNDER 28 U.S.C. § 1453(b) BECAUSE IT QUALIFIES AS A "CLASS ACTION" THAT MEETS THE REQUIREMENTS OF 28 U.S.C. § 1332(d)(2)

This case qualifies as a "class action" in which the putative class includes at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and one or more members of the putative class and Defendant are citizens of different states. *See* 28 U.S.C. §§ 1332(d). Consequently, this action is removable pursuant to 28 U.S.C. § 1453, which provides that a "class action" may be removed to federal court in accordance with 28 U.S.C. § 1446(b).

**A.    The putative class includes in excess of 100 members.**

Plaintiff purports to bring this action "on behalf of himself and those similarly situated." *See* Complaint, ¶ 5. Plaintiff defines the putative class as follows: "All persons who applied for a Massachusetts-based position of employment with Defendant (the "Class")". Complaint, ¶ 17. This proposed class contains far more than 100 members.

The number of putative class members is calculated by looking at the number of people in Massachusetts who have applied for a position located in Massachusetts with Macy's in the last three years. There were far in excess of 100 people who made such application in the last three years, which is the operative limitations period under the statute of limitations for the Plaintiff's claim under Massachusetts General Laws Ch. 149, § 19B(2)(b). In fact, as noted below, there were significantly more than 10,100 such applications in the last three years in Massachusetts. Thus, the putative class easily exceeds the 100-member requirement imposed by CAFA.

**B.    The amount in controversy exceeds $5,000,000.**

The removing defendant in a diversity case must prove to a "reasonable certainty" that the amount in controversy requirements of CAFA are met. *Amoche v. Guar. Trust Life Ins. Co.*, 556 F.3d 41, 48-49 (1ˢᵗ Cir. 2009). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co.*, 574 U.S. at 84.

The determination of whether the amount in controversy has been met should be done "quickly, without an extensive fact-finding inquiry." *Coventry v. Sewage Assocs. v. Dworkin Realty Co.,* 71 F.3d 1, 4 (1st Cir. 1995). In short, consideration of this issue should not "devolve into a mini-trial regarding the amount in controversy." *Amoche* at 50-51; *see also Sierra v. Progressive Direct Ins. Co.*, 2012 U.S. Dist. Lexis 140864 *4 (D. Mass. 2012). Of note, the pertinent question is not how much the plaintiff is likely to recover but how much is in dispute between the parties. *Amoche*, at 51, citing *Brill v. Countrywide Home Loans, Inc*., 427 F.3d 446, 448 (7th Cir. 2005).

Plaintiff alleges, *inter alia*, a claim for violation of Massachusetts General Laws Ch. 149, § 19B(2)(b) for not including language related to the applicant's rights with respect to lie detectors on each application. Complaint ¶¶ 1-2, 12-15. For the violation of Massachusetts General Laws Ch. 149, § 19B(2)(b) Plaintiff seeks not less than the minimum statutory damage award of $500 per violation plus attorneys' fees. Complaint ¶¶ 3, 29.

While Defendant denies all of the material allegations in the Complaint, as the foregoing shows, the putative class's claims easily exceed the $5,000,000 amount in controversy threshold for the purpose of CAFA jurisdiction. *Sierra*, at *5 (to calculate the amount in controversy, multiply class size by a class member's typical damages).

4

Only 10,001 applications are needed to exceed the $5,000,000 threshold assuming a minimum of $500 damages per application submitted. As there are over 10,100 individuals who applied for work in the relevant time period, the actual amount in controversy here is higher than the $5,000,000 threshold.

In addition, the attorney's fees sought by Plaintiff, which may also be recovered under the statute in question, can be considered by this Court in calculating the amount in controversy for diversity purposes. *See Cherelli v. Instore Grp., LLC*, 513 F. Supp. 3d 187, 191 (D. Mass. 2021)("While attorney's fees are '[n]ormally . . . excluded from the amount-in-controversy determination,' a district court may consider potential attorney's fees as part of the amount-in-controversy calculation when 'a statute mandates or allows the payment of such fees,'")(internal citations omitted). Without question, far more than $5 million is in controversy in this case.

## C.    Plaintiff and Defendant are citizens of different states.

An individual person's citizenship is established by where that person is domiciled.  28 U.S.C. §1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *Gilbert v. David*, 235 U.S. 561, 569, 35 S. Ct. 164, 59 L. Ed. 360 (1915). A person is domiciled in a location "where he has his true, fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Aponte-Davila v. Municipality of Caguas*, 828 F.3d. 40, 46

(1st Cir. 2016), quoting *Rodriguez-Diaz v. Sierra-Martinez*, 853 F.2d 1027, 1029 (1st Cir. 1988). "The intention to remain may be established by factors such as: current residence; voting registration and voting practices; location of personal and real property; location of brokerage and bank accounts; membership in unions and fraternal organizations, churches, clubs and other associations; place of employment or business; driver's license and other automobile registration; and payment of taxes." *Aponte-Davila,* at 46.

Plaintiff is a citizen and resident of the Commonwealth of Massachusetts. Complaint ¶ 6. Residence is *prima facie* evidence of domicile for the purposes of determining citizenship. *Anderson v. Watt*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary, and a domicile when acquired is presumed to continue until it is shown to have been changed."); see also *BRT Mgmt., LLC v. Malden Storage, LLC,* 2023 U.S. Dist. LEXIS 224473 *27 (D. Mass. 2023) (as there were no contradicting facts, the court applied principle that "proof of residence is *prima facie* proof of domicile.").

For diversity jurisdiction purposes, a corporation is deemed to be a citizen of the state in which it is incorporated as well as the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93, 130 S. Ct. 1181, 175 L. Ed. 2d 1029 (2010) (holding "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and

coordinate the corporation's activities. It is the place that Courts of Appeals have called the corporation's 'nerve center.'").

The named Defendant, Macy's, Inc., is a citizen of the States of Delaware and New York. At the time Plaintiff filed the State Court Action, Defendant was incorporated under the laws of the State of Delaware. Defendant is still incorporated under the laws of the State of Delaware. At the time Plaintiff filed the State Court Action, Defendant's principal place of business was located in New York, New York. Defendant's principal place of business is still located in New York, New York. Defendant is not incorporated under the laws of the Commonwealth of Massachusetts and does not have its principal place of business in the Commonwealth of Massachusetts, either at the time Plaintiff filed the State Court Action or currently. Complaint ¶ 7 ("Defendant Macy's Inc. is a Delaware corporation with its principal place of business at 151 West 34th Street, New York, New York 10001.").

However, Defendant represents that the proper defendant in this matter is Macy's Corporate Services, LLC. If the citizenship of that entity is considered, there is still diversity. The citizenship of an LLC is the citizenship of all of its members. *BRT Mgmt LLC v. Malden Storage, LLC*, 68 F.4th 691, 693 (1st Cir. 2023); *Guide Transp. Partners, Inc. v. First Coast Logistics of Birmingham, LLC*, 2021 U.S. Dist. LEXIS 256101 *3 (D. Mass. 2021). Macys Corporate Services, LLC has only one

7

member: Macy's Retail Holdings, LLC. *BRT Mgmt,* at 696 (if an LLC's member is also an LLC, then the citizenship of the member must be disclosed and this process continues through as many layers as required). Macys Retail Holdings, LLC has only one member, Macy's, Inc. As noted above, the citizenship of Macy's, Inc. is Delaware and New York. There is complete diversity of citizenship in this matter.

In accordance with 28 U.S.C. § 1332, there is complete diversity of citizenship because Plaintiff (Massachusetts) and Defendant (Delaware and New York) are citizens of different states. *See* 28 U.S.C. § 1332(a)(1),(c)(1).

## REMOVAL IS TIMELY

This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b) in that it is being filed within 30 days of receipt of the Summons and Complaint by Defendant. The Summons and Complaint were served on Defendant's agent for service of process, and thus Defendant, on April 2, 2025.

## VENUE

Venue is proper in this district and division because the Suffolk County Superior Court of the Commonwealth of Massachusetts is located within the federal District of Massachusetts, and thus is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## NOTICE TO PLAINTIFF

As required by 28 U.S.C. § 1446(d), Defendant will provide prompt written notice of the filing of this Notice of Removal to the Plaintiff.

## NOTICE TO THE SUFFOLK COUNTY SUPERIOR COURT

As required by 28 U.S.C. § 1446(d), Defendant will promptly file this Notice of Removal with the Clerk of the Suffolk County Superior Court of the Commonwealth of Massachusetts. A copy of the Notice to State Court of Filing of Notice of Removal is attached as Exhibit "B."

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant removes this case from the Suffolk County Superior Court of the Commonwealth of Massachusetts to the United States District Court for the District of Massachusetts.

<br>

<div style="margin-left:40%">

The Defendant,
Macys Corporate Services, LLC,
misnamed as Macy's, Inc.,
By its Attorneys,

</div>

Date: April 17, 2025

<div style="margin-left:40%">

/s/ Derek M. Gillis
Edward D. Shoulkin |B.B.O. No.555483
eshoulkin@bglaw.com
Derek M. Gillis | B.B.O. No. 684769
dgillis@bglaw.com
BARTON GILMAN LLP
75 Federal Street, 9th Floor
Boston, MA 02110
617.654.8200 | 617.482.5350 – Fax

</div>

## <u>CERTIFICATE OF SERVICE</u>

I, Derek M. Gillis, attorney for the Defendant, hereby certify that on April 17, 2025, I served a copy of the foregoing by regular mail, postage prepaid, and electronic mail to:

David Godkin, Esq.
James E. Kruzer, Esq.
1 Marina Park Drive, Suite 1410
Boston, MA 02210
godkin@birnbaumgodkin.com
kruzer@birnbaumgodkin.com

Joseph I. Marchese (*Pro Hac Vice* forthcoming)
Matthew A. Girardi (*Pro Hac Vice* forthcoming)
Julian C. Diamond (*Pro Hac Vice* forthcoming)
Bursor & Fisher, P.A.
1330 Avenue of the Americas
New York, NY 10019
jmarchese@bursor.com
mgirardi@bursor.com
jdiamond@bursor.com

*/s/ Derek M. Gillis*
Derek M. Gillis